SUCCESSORS OF M. LAMADRID & CO., PLAINTIFFS AND APPELLEES, *v.* MARTORELL, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action of Debt. (Proceedings to Dissolve Attachment).

No. 1860.—Decided July 7, 1919.

ATTACHMENT.—It is usually not a sufficient ground for dissolving a writ of attachment that the property levied on thereunder was not legally subject to seizure under the writ.

ID.—DISCUSSION—PARTNERSHIP.—If article 237 of the Code of Commerce may be invoked at all in a suit brought not only against the firm but also directly against the member who claims the benefit of discussion and in which the sworn complaint charges, not on information and belief but as a fact within the personal knowledge of plaintiff, the cessation of business, the closing of doors, the removal and concealment of goods and the unavailing demands made upon both the firm and the said member, then such averment, together with a good and sufficient attachment bond, is a substantial *prima facie* compliance with the requirement as to discussion of the assets of the firm.

The facts are stated in the opinion.

*Mr. Luis Llorens Torres* for the appellant.

*Mr. José de Guzmán Benítez* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Property belonging to Miguel Martorell, a member and manager of Torrens Martorell & Company, was attached in a suit brought against Martorell for a debt contracted by the firm, which was alleged to have ceased business without the formality of liquidation and without announcing the existence of any designated representative.

A demurrer was sustained, with leave to amend, and the complaint was amended, setting forth the cessation of business, the closing of the establishment and offices without notice to creditors or payment of debts, and the removal and concealment of goods, all without providing for liquidation, or leaving anyone in charge to deal with creditors, meet their demands or settle in any manner whatever the obligations of the firm.

A second amended complaint made the partnership a party defendant.

The partnership defaulted and Martorell appeals from an order overruling a motion to quash the attachment.

Appellant insists that a demurrer to the original complaint on which the attachment issued having been sustained, the subsequent amended complaints are inadequate to support the writ. In the absence of any citation of authority the question so raised does not demand serious consideration.

The second proposition is that the property of a partner cannot be attached without previous discussion of the firm assets.

Most of the brief for appellant is devoted to an effort to show that article 237 of the Code of Commerce applies to attachment proceedings as well as to execution; and for the purposes of this opinion the point may be conceded, if the proposition be understood to mean, in a case like the one at bar, a reasonable application of the principle involved. But, in view of the specific provision of the Code of Civil Procedure as well as the spirit thereof, the question

of what will satisfy the statutory requirement as to a discussion of the firm assets in the one case or the other is another matter.

In *Rodríguez* v. *Ramírez*, 19 P. R. R. 440, on which much stress is laid, the partnership that contracted the debt was never made a party to the suit. In the case disposed of by the Supreme Court of Spain on June 13, 1883, 52 *Jur. Civ.* 257, also relied on by appellant, the suit was against a firm the very existence of which was denied by the alleged member thereof and apparently was never established by plaintiff. The individual whose goods were seized under executory process against the alleged partnership, and who intervened as owner, denied all connection with the firm; and on appeal also pointed out, in the only specification considered by the appellate tribunal, that even otherwise he never had been made a party to the proceeding, and that the company had property of its own. That the Supreme Court of Spain was strongly influenced by these circumstances is quite evident from the language used in reversing the judgment appealed from:

"Whereas it appears from the arguments and the record as undisputed facts that the 200 hogsheads of sugar, which were in the possession of Pablo Alvarez when seized at the instance of the firm of J. Luis Gutiérrez & Company in the execution proceedings against the firm of Goitía & Company due to debts contracted by the latter, belonged exclusively to the appellant; that the said property was not included when the latter firm, whose legal existence does not appear by public instrument or otherwise, was constituted, and that no levy was made on the assets of the said firm; therefore the requirements of the aforesaid section not having been complied with in order that private property belonging to the partners may be levied on to answer for debts contracted by the firm, the seizure in question was improper even in case the material existence of the firm sued is recognized and that Alvarez was a general partner thereof as found by the trial court in considering all the different means of proof introduced in the suit by the parties." 52 *Jur. Civ.* pp. 262–63.

The only other case cited by appellant is reported in 28
*Jur. Civ.* 688. In that case, under a writ of execution against
the defendant partnership, levy was made on certain ma-
chinery of the defendant company and on personal property
of a member of the firm, who thereupon intervened as owner
of such personal property, alleging that the property of the
firm so seized was sufficient security for the claim and that
the property of an individual member was not liable for the
obligations of the partnership so long as the latter was sol-
vent. The original plaintiff, by way of defense to the com-
plaint in intervention, replied that no purchaser could be
found for the machinery even at its appraised value and
that the defendant company had no other property. Inter-
venor, on appeal from a judgment adverse to him, relied on
articles 267 and 352 of the former Spanish Code of Com-
merce, corresponding to articles 127 and 237 of the present
code, insisting that there had been no discussion of the part-
nership assets in the manner "prescribed by law and con-
secrated by doctrine and jurisprudence."

The Supreme Court of Spain in affirming the judgment
appealed from held:

" * * * that pursuant to article 267 of the Code of Commerce
all the members of a general copartnership, whether administrators
of the firm's assets or not, are jointly liable for the outcome of the
transactions executed in the name and for account of the firm, al-
though in order that private property of the members may be levied
on a previous discussion of the property of the said firm should be
had, as provided in article 352 of the said code.

" * * * that it appearing, as it does appear, that José María
Llano was one of the general members of the firm of Peñuela,
Llano & Company, that the property of the said firm which was
levied on for the payment of the debt of Luis Ortiz and other like
liabilities is not sufficient to satisfy them, and that as there is no
other sufficient and available property of the said firm, according
to the finding of the court in the exercise of its powers, it is evident
that the judgment rendered on May 31, 1872, by the Second Civil
Division of this village has not violated the foregoing provisions."
28 *Jur. Civ.* 690.

Apparently, the judgment so affirmed was based on the pleadings which, without more, seemed to meet the requirements, whatever they may be, "prescribed by law and consecrated by doctrine and jurisprudence."

Discussion, in so far as sureties are concerned, is (italics ours):

"A proceeding *on the part of a surety* by which a property of the principal debtor is made liable before resort can be had to the sureties; this is called the *benefit of discussion.*" Bouvier, Vol. 1, p. 581.

Article 237 is a qualification of the general rule announced in article 127 making all the members jointly and severally liable with all their property for debts contracted by the firm:

"*Agere etiam is videtur, que exceptione utitur, nam reus in exceptione actor est.* (Dig., Libro XLIV, Tít. I, Ley 1ª.)" Scaevola, *Código Civil*, 2 Apéndice, p. 290.

"The benefit of discussion established in favor of third persons demands the indispensable requisite that the title under which possession is held be legitimate and adequate, *and that the debtor or primary obligee have property.*" 7 *Jur. Civ.* p. 212.

"The object of the benefit of discussion being to show whether or not the principal obligee has property sufficient to satisfy the obligation contracted, such proceeding is unnecessary where it appears from the record that the debtor firm is insolvent." 53 *Jur. Civ.* p. 312.

Article 1111 of the former code provided that, after having pursued the property of the debtor in order to realize the amount of the debt, creditors might exercise all the debtors rights and rights of action to the same end. In a case decided June 23, 1903, 95 *Jur. Civ.* 989, the Supreme Court of Spain announced that such condition precedent did not require a preliminary proceeding to show that the debtor had no property, but that the evidence in this regard might be adduced at the trial of the action brought against a third person by the creditor in the exercise of such right.

Similarly, in a case disposed of on June 22, 1892, 71 *Jur. Civ.* p. 799, the same court held:

"That an attachment, without prejudice to rights that may be determined in due course, is the means of securing the fulfilment of an obligation according to the nature and effect thereof."

"It is usually not a sufficient ground for dissolving a writ of attachment that the property levied on thereunder was not legally subject to seizure under the writ." 6 Corpus Juris, 431, [sec. 1001] C.

If article 237 of the Code of Commerce may be invoked at all in a suit brought not only against the firm but also directly against the member who claims the benefit of discussion, and in which the sworn complaint charges, not on information and belief but as a fact within the personal knowledge of plaintiff, the cessation of business, the closing of doors, the removal and concealment of goods and the unavailing demands made upon both the firm and the said member,—then we think that such averment together with a good and sufficient attachment bond is a substantial *prima facie* compliance with the requirement as to discussion of the assets of the firm.

See also *Royal Bank of Canada* v. *A. McCormick & Co. et al., ante,* p. 383.

Certainly, this view of the matter places no greater burden on the partner, who is jointly and severally liable for the debts of the firm, than is laid by law upon the surety, who, although not so bound, if he would "avail himself of the benefit of a levy against the principal," must point out property subject to seizure and sale belonging to such principal.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.